THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAY CLARENCE ROGERS,

    Plaintiff,

  v.

L. REICHARD, *et al.*,

    Defendants.

CASE NO. C23-1812-JCC

ORDER

This matter comes before the Court on the following: the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 29); Plaintiff's motion for leave to file a third amended complaint ("TAC") (Dkt. No. 33); Plaintiff's objections to the R&R (Dkt. No. 35); and Plaintiff's motion for the Court to defer ruling on the R&R (Dkt. No. 36). Having thoroughly considered the briefing and the relevant record, the Court DENIES Plaintiff's motions (Dkt. Nos. 33, 36), OVERRULES the objections (Dkt. No. 35), ADOPTS the R&R (Dkt. No. 29), and DISMISSES the second amended complaint (Dkt. No. 25), as explained herein.

    The R&R describes this case in detail. (*See* Dkt. No. 29 at 2–18.) To summarize, Plaintiff applied for leave to proceed *in forma pauperis* ("IFP") in November 2023, seeking service of a prisoner civil rights complaint against King County Jail employees and officials. (*See generally* Dkt. No. 4-1.) This complaint was in addition to earlier complaints Plaintiff brought against

other named individuals associated with the King County Jail (each of which the Court eventually ordered served). *See Rogers v. King County*, C23-1034-DGE-GJL, Dkt. Nos. 122, 151 (W.D. Wash. 2024); *Rogers v. Weaver*, C23-1160-JCC-GJL, Dkt. Nos. 7, 8 (W.D. Wash. 2023).

Judge Peterson, after granting Plaintiff's request to proceed IFP in this matter, (*see* Dkt. No. 5), identified various pleading deficiencies in the complaint. (*See* Dkt. No. 6 at 7–11). She then declined service but provided leave to amend. (*Id.* at 12.) In response, Plaintiff filed a proposed amended complaint that expanded the named defendants, the misconduct alleged, and the resulting claims. (*See generally* Dkt. No. 11.) Judge Peterson again denoted various pleading deficiencies and declined service (she also found that some of the events alleged in the amended complaint occurred after Plaintiff filed his original complaint). (Dkt. No. 24 at 11–12.) Judge Peterson provided Plaintiff another opportunity to amend, although she indicated that a failure to correct the identified deficiencies would result in a recommendation that the action "be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)." (*Id.* at 20.)

Plaintiff then filed his second amended prisoner civil rights complaint ("SAC") (Dkt. No. 25). In response, Judge Peterson again declined service and issued the R&R, recommending dismissal of the SAC without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This is because, according to the R&R, the SAC fails to plausibly allege any civil rights violations. (*See* Dkt. No. 29 at 9–18.) In response, Plaintiff lodged objections (Dkt. No. 35), while also moving for leave to file a third amended complaint ("TAC") (Dkt. No. 33) and asking the Court to defer ruling on the R&R until it rules on his motion for leave to further amend (Dkt. No. 36).

The Court has reviewed Plaintiffs' voluminous filings, including his proposed TAC (Dkt. No. 33 at 23–107). It, like the other complaints, fails to plausibly state claims for civil rights violations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Crumpton v. Gates*, 947 F.2d 1418 (9th Cir. 1991) (summarizing elements of civil rights claims brought pursuant to 42 U.S.C. § 1983). Moreover, given the

ORDER
C23-1812-JCC
PAGE - 2

TAC's length, it also fails to satisfy the Rule 8 pleading standards. *See* Fed. R. Civ. P. 8(a). To note, although courts must give liberal construction to the filings of *pro se* litigants, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), a *pro se* plaintiff must still satisfy the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Further, Plaintiff's objections (Dkt. No. 35) are without merit, as they fail to point to any specific error in Judge Peterson's R&R recommending dismissal of the SAC. Instead, they simply direct the Court to the proposed TAC. (*See* Dkt. No. 35 at 2–4.) But it need only conduct *de novo* review of those specific portions of an R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). This allows the Court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Because Plaintiff does not raise specific objections, there is no portion of the R&R for this Court to review *de novo*.

Accordingly, the Court ORDERS as follows:

1) Plaintiff's motion for leave to file a TAC (Dkt. No. 33) is DENIED;
2) Plaintiff's motion for the Court to defer ruling on the R&R (Dkt. No. 36) is DENIED;
3) Plaintiff's objections to the R&R (Dkt. No. 35) are OVERRULED;
4) The R&R (Dkt. No. 29) is APPROVED and ADOPTED;
5) The SAC (Dkt. No. 25) is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), *without* further leave to amend;[1]
6) The Clerk is DIRECTED to count this dismissal as a strike under 28 U.S.C. § 1915(g); and
7) The Clerk is further DIRECTED to send a copy of this order to Plaintiff and to Judge Peterson.

//

---

[1] Leave to amend need not be provided when doing so would be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).

DATED this 8th day of October 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C23-1812-JCC
PAGE - 4